UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARION SINCLAIR**, <br> Plaintiff, <br> vs. <br> **ANDY MEISNER, ET AL.**, <br> Defendants. | 2:18-CV-14042-TGB <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 34); GRANTING MOTIONS TO DISMISS (ECF NOS. 13, 15, 17); STAYING CASE** |

## I. Report and Recommendation

This matter is before the Court on Magistrate Judge Michael J. Hluchaniuk's January 9, 2020 Report and Recommendation (ECF No. 34), recommending that Defendants' Motions to Dismiss (ECF Nos. 13, 15, 17) be **GRANTED**.

The Court has reviewed the Magistrate Judge's Report and Recommendation. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* Where neither party objects to the report,

the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

In this case, Plaintiff filed an objection to the Report and Recommendation, but did not specifically object to any of the Magistrate Judge's findings. ECF No. 35. Instead, Plaintiff requests thirty days to file an amended complaint that would eliminate all but her Fifth, Eighth, and Fourteenth Amendment claims. *Id.*

Because Plaintiff failed to make any specific objections, the Court will accept the Magistrate's Report and Recommendation of January 9, 2020 as this Court's findings of fact and conclusions of law. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

**II. Request to Amend the Complaint**

Plaintiff seeks to file an amended complaint containing only Fifth, Eighth and Fourteenth Amendment claims. ECF No. 35. Plaintiff's amended complaint would no longer seek injunctive relief or a reversal of the foreclosure of her property. *Id.*

Defendants contend that the Court should deny Plaintiff leave to amend because any amended complaint filed by Plaintiff would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (courts may deny leave to amend when amendment would be futile). The Defendants filed three separate responses to Plaintiff's objection, but generally argue that an amended complaint would be futile because it would still be barred by (i) the Tax Injunction Act; (ii) principles of comity; (iii) and the *Rooker-Feldman* doctrine. ECF No. 36. Defendants also assert that even if the Court did have jurisdiction over this matter, Plaintiff's claim would fail because there was no surplus equity after Defendants sold Plaintiff's property. ECF No. 36.

Since Plaintiff filed her Complaint, the Supreme Court issued its opinion in *Knick v. Township of Scott*, 139 S. Ct. 2162, 2168 (2019) and the Michigan Supreme Court heard oral argument in *Rafaeli, LLC v. Oakland County*, No. 156849. *Knick* fundamentally altered the nature of a takings claim, holding that the Takings Clause is violated at the time the government takes property without first paying compensation—meaning that a property owner no longer has to challenge the taking in state court before being legally permitted to raise their takings claim in

federal court. 139 S. Ct. at 2179. Whether a post-*Knick* takings claim that does not seek to enjoin a state tax collection law or reverse a foreclosure is still precluded from review in the lower federal courts by the Tax Injunction Act, comity, and *Rooker-Feldman* is less clear, however. Those questions are currently before the Sixth Circuit in *Freed v. Thomas*, No. 18-2312 (6th Cir.).

With regard to their factual argument, Defendants assert in their responses that a takings claim would be futile because there was no surplus after the sale of Plaintiff's home. Plaintiff has not yet had the opportunity to respond to this factual assertion, however, since it came in Defendants' response to Plaintiff's objection. The Court declines to find Plaintiff's claim futile based on a factual assertion to which Plaintiff has no opportunity to respond.

Given the Sixth Circuit's forthcoming decision in *Freed*, other courts in this district facing the same jurisdictional questions have declined to rule until the *Freed* decision is issued. *See, e.g.*, *Arkona, LLC v. Cty. of Cheboygan*, No. 1:19-CV-12372, 2020 WL 127774, at *4 (E.D. Mich. Jan. 10, 2020); *Fox v. Cty. of Saginaw by Bd. of Commissioners*, No. 1:19-CV-11887, 2020 WL 133995, at *5 (E.D. Mich. Jan. 10, 2020). The

4

Court finds that the interests of judicial economy counsel in favor of doing the same. Accordingly, this matter shall be stayed pending the Sixth Circuit's decision in *Freed v. Thomas*, Case No. 18-2312 (6th Cir.). The parties shall file a notice with the Court no later than 30 days after the Sixth Circuit issues the mandate in that case. After the issuance of a mandate, Plaintiff may file a motion for leave to file an amended complaint.

## III. Conclusion

The Report and Recommendation of January 9, 2020 (ECF No. 34), recommending that Defendants' Motions to Dismiss (ECF Nos. 13, 15, 17) be granted is **HEREBY ACCEPTED AND ADOPTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that this matter is **STAYED** pending the Sixth Circuit's decision in *Freed v. Thomas*. The parties shall file a notice with the Court within 30 days of the Sixth Circuit issuing a mandate. After the issuance of a mandate, Plaintiff may file a motion for leave to file an amended complaint.

DATED this 10th day of March, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge