UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARION SINCLAIR,**  Plaintiff,  vs.  **ANDY MEISNER,** *et al.*,  Defendants. | 2:18-CV-14042-TGB-MJH  **ORDER DENYING MOTION TO STAY (ECF NO. 75) AND DIRECTING FURTHER PROCEEDINGS** |

Before the Court is Defendant Oakland County and its Treasurer's motion to stay this case pending a decision on their petition for certiorari in *Hall v. Meisner*, No. 21-874, and a decision by the United States Supreme Court in *Tyler v. Hennepin County*, No. 22-166. ECF No. 75. For the reasons explained below, the motion will be **DENIED.**

## I. BACKGROUND

In this putative class action, Plaintiff Marion Sinclair asserts that various government units, private entities, and public officials conspired to deprive her and other similarly-situated individuals in Southfield, Michigan of the equity value of their homes. She says that, through a series of real-estate transactions, defendants took title to tax-delinquent properties, sold them, and failed to reimburse the former owners for the difference between the value of their homes and the delinquent debts—often pocketing tens or hundreds of thousands of dollars in the process.

1

The procedural history of the case is long and complex. In short, Sinclair's legal theories have changed since she filed her original complaint. In a proposed second amended class-action complaint, she raised five claims against various defendants: (1) a federal takings claim against Oakland County and the City of Southfield; (2) a state-law takings claim against Oakland County and the City of Southfield; (3) a procedural due-process claim against Oakland County and the City of Southfield for failing to provide a process to secure the return of equity value after a foreclosure sale; (4) an unjust enrichment claim against Oakland County, the City of Southfield, and various other defendants for refusing to compensate property owners for the equity in their homes; and (5) a civil conspiracy claim. ECF No. 51-1.

On February 28, 2022, the Court entered an order denying Sinclair leave to file the proposed amended complaint and dismissing the case. ECF No. 64. On the basis of the Michigan Supreme Court's decision in *Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (Mich. 2020), and other decisions from this district, the Court reluctantly concluded that Sinclair could not state a cognizable claim because she and the putative class members did not have a property interest in the equity of their homes.

Sinclair filed a notice of appeal. ECF No. 66. While her appeal was pending, the Sixth Circuit decided *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022), which concerned the same tax foreclosure scheme in Southfield alleged in this case. In *Hall*, the Sixth Circuit declared—after reviewing

2

traditional Anglo-American property law principles, historical practice, and early United States Supreme Court precedent—that homeowners *did* have a property right in the equity of their homes. *Id.* at 196. Then in December 2022, in light of its decision in *Hall*, the Sixth Circuit Court of Appeals issued an order affirming in part and vacating in part this Court's dismissal of Sinclair's complaint and ordering further proceedings on Sinclair's claims against some defendants. *Sinclair v. Meisner*, No. 22-1264, 2022 WL 18034473 (6th Cir. Dec. 29, 2022).

Only a few weeks later, the United States Supreme Court granted a petition of certiorari in *Tyler v. Hennepin County*, 26 F.4th 789 (8th Cir. 2022), *cert. granted*, 143 S. Ct. 644 (Mem) (Jan. 13, 2023), to consider whether a homeowner who had filed a complaint about a similar tax-delinquency scheme in Hennepin County, Minnesota had stated a claim under the Fifth Amendment's Takings Clause. Oakland County and its Treasurer, who are defendants both in this case and in *Hall*, then moved to stay this case pending the resolution of *Tyler* and a determination of their petition for certiorari from the Sixth Circuit's decision in *Hall*, No. 22-874.[1] ECF No. 75. On May 25, 2023, the Supreme Court issued a written opinion resolving *Tyler*, No. 22-166, __ S. Ct. __, 2023 WL 3632754 (May 25, 2023).

---

[1] At the time they filed their motion they had not yet filed their petition for certiorari in *Hall*. Since then, they have also filed a petition for certiorari from the Sixth Circuit's decision in this case, No. 22-894.

## II. LEGAL STANDARD

A court has inherent power to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Factors for a court to consider in deciding whether to issue a stay include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

When a stay motion is "premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (internal citations and quotations omitted).

## III. DISCUSSION

By issuing its decision in *Tyler*, the Supreme Court rendered moot the need to grant a stay pending that decision.

But the Court must still consider whether a stay would be appropriate in light of the petition for certiorari in *Hall*, which is still pending. In that petition, Oakland County and its Treasurer framed the issue presented for the Supreme Court's review as follows:

4

> Whether foreclosing on a home for the nonpayment of taxes constitutes a violation of the Takings Clause whenever the home is worth more than the tax delinquency.

*See* Pet. for Cert., *Meisner v. Hall*, No. 22-874 (filed Mar. 9, 2023). The petition raises the following three arguments: (1) the Sixth Circuit improperly interpreted the Takings Clause to federalize the scope of state property rights; (2) a circuit split that has developed over how the Supreme Court's Takings Clause jurisprudence should be applied; and (3) the Court's review is necessary to clarify how history and tradition should inform constitutional questions.

In their briefing concerning the stay request, Oakland County and its Treasurer acknowledged that a decision by the Supreme Court in *Tyler* would likely be dispositive of their petition for certiorari in *Hall*. ECF No. 75, PageID.1368. And it is. *Tyler* holds that, while a government may seize and sell a homeowner's property to satisfy delinquent tax debts, it cannot use the tax debt as a toehold to confiscate more property than it is owed and retain surplus funds from the foreclosure sale used to satisfy the debts. 2023 WL 3632754, at *4. In other words, homeowners have a property interest in the equity of their homes. The Supreme Court further explained that, while courts may consult state law to determine the scope of what constitutes property under the Takings Clause, state law cannot be the *only* source used to define property rights: "traditional property law principles, plus historical practice and th[e] Court's precedents," are also relevant. *Id.* at *4 (internal quotations omitted).

5

In light of the position taken by Oakland County and the Treasurer, acknowledging the likely dispositive impact of *Tyler* on the petition for certiorari in *Hall*, the Court finds that stay is not appropriate. Given *Tyler*'s holdings, the Court sees little chance that any final disposition on the petition for certiorari in *Hall* would lead to a reversal of the Sixth Circuit's opinion in that case. Judicial economy therefore would not be served by staying proceedings. And as Sinclair points out in her response brief, a stay would cause considerable hardship to her and putative class members, who have been waiting since 2018—when the original complaint was filed—to vindicate their rights in court.

### IV. CONCLUSION

For the reasons explained above, the motion for a stay is **DENIED.** Because the Sixth Circuit affirmed the dismissal of Sinclair's claims against some defendants, Sinclair will need to file an amended complaint consistent with the opinion of the Court of Appeals.

As this Court understands it, Sinclair may assert the following claims: (1) a federal takings claim against Oakland County; (2) a state-law takings claim against Oakland County; (3) a procedural due-process claim against Oakland County; (4) an unjust enrichment claim against Oakland County; and (5) a civil conspiracy claim. As to this last claim, the Sixth Circuit noted that "the district court should reevaluate Sinclair's civil conspiracy claim in light of *Hall*." And so the Court shall do if that claim is reasserted.

It is therefore **ORDERED** that, within 30 days of the entry of this order, Sinclair must file a motion for leave to file a Third Amended Complaint, with a proposed Third Amended Complaint attached, consistent with the above. Defendants' response is due in accordance with local rules and the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 6th day of June, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge