UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARION SINCLAIR, *et al.*,** | **2:18-CV-14042-TGB-APP** |
| Plaintiffs, | HON. TERRENCE G. BERG |
| **v.** | **ORDER RESOLVING MOTIONS TO QUASH SUBPOENAS (ECF NOS. 143 & 144)** |
| **COUNTY OF OAKLAND,** | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 45, just days before the trial in this case is to commence and months after the close of discovery, Plaintiffs have served two subpoenas seeking the production of potentially voluminous documents, and witness testimony, from third-parties the City of Southfield and Mr. Frederick Zorn. Those parties have filed motions to quash the subpoenas.

For the reasons explained below, the City of Southfield's Motion to Quash the Subpoena (ECF No. 143) will be conditionally **GRANTED** subject to Plaintiffs being permitted to respond and explain the reasons for the delay in seeking these materials as well as fully articulating the relevance, materiality, and admissibility of the sought-after documents. Plaintiff's briefing in support of this subpoena shall be filed no later than by Monday, May 26, 2025. Mr. Frederick Zorn's Motion to Quash the

Subpoena (ECF No. 144) will be **GRANTED** in part and **DENIED** in part, in that his appearance will only be required on Monday, June 2, 2025, should trial continue then.

## I. LEGAL STANDARD

Attendance at trial and discovery may be obtained from non-parties, including through the use of a subpoena to produce documents or attendance at trial under Federal Rule of Civil Procedure 45. Rule 45 subjects parties to the same discovery limitations as those within the scope of Federal Rule 26, *and then more. See Waskul v. Washtenaw Cty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 632 (E.D. Mich. Oct. 31, 2021)(Stafford, M.J.); *see also Harco Nat'l Ins. Co. v. Sleegers Eng'g., Inc.*, 2014 WL 5421237, at *3 (E.D. Mich. Oct. 22, 2014)(Ludington, J.) (noting that Rule 45 "impose[s] additional burdens for obtaining" discovery). Indeed, the issuing party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Proc. 45(d)(1). When a subpoena "(i) fails to allow a reasonable time to comply; . . . or (iv) subjects a person to undue burden," the district court, on timely motion, "must quash or modify [the] subpoena." Fed. R. Civ. Proc. 45(d)(3)(A).

## II. CITY OF SOUTHFIELD'S MOTION TO QUASH

The above-captioned case consolidates two complaints filed in 2018 (*Sinclair v. Oakland County,* Case No. 18-14042) and 2020 (*Hall v. Oakland County*, Case No. 20-12230). The City of Southfield was

2

terminated as a Defendant in *Sinclair* on March 19, 2024 (ECF No. 90) and in *Hall* on October 4, 2021 (ECF No. 66). Discovery subsequently closed on November 27, 2024 in *Sinclair* (ECF No. 106) and January 3, 2025 in *Hall* (ECF No. 116). Although the City of Southfield was a party in this action for several years, Plaintiffs apparently never sought or obtained written discovery of the materials now being sought to be produced. Instead, Plaintiffs waited until six business days before the commencement of trial to serve a document subpoena on the City requiring the production of a voluminous quantity of documents, some of which span a 5-year period. Even after Plaintiffs narrowed the scope of the subpoena on May 20, 2025—three business days before trial—the City of Southfield states that it will take them many *hours if not days* to search for, locate and produce the documents. *See* Declaration of Frederick Zorn, ECF No. 143-3, PageID.3159; Declaration of Dawn King, ECF No. 143-4, PageID.3164.

The Court **HEREBY ORDERS** that the subpoena will be conditionally **QUASHED** for the following reasons.

*First*, Plaintiffs had "ample opportunity" to seek the production of such large amount of documents *during discovery*. *See Ghandi v. Police Dept. of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984) (finding that the district court did not abuse its discretion in deciding to quash plaintiffs' Rule 45 subpoena served on the "eve of trial" when plaintiffs waited until after the discovery deadline had passed and plaintiffs were given ample

opportunity to complete discovery before trial); *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (holding that because the plaintiff "had adequate opportunity to discover [material requested in a Rule 45 subpoena] through the normal discovery process, the district court did not abuse its discretion in quashing the [Rule 45] subpoena"); *see also McGuire v. Warner*, 2009 WL 2370738, at *1 (E.D. Mich. July 29, 2009)(Cox, J.) (noting that a Rule 45 subpoena seeking documents from a non-party "is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order") (citation omitted).

*Second*, it is not apparent to the Court why the Plaintiffs waited until the last minute to subpoena the City to produce such large amount of documents not previously discovered, and thereby creating an "undue burden" by "fail[ing] to allow [city representatives] a reasonable time to comply" with the subpoena. Fed. R. Civ. Proc. 45(d)(3)(A); *see also Hillman Power Co., LLC v. On-Site Equip. Maint., Inc.*, 672 F. Supp. 3d 379, 386 (E.D. Mich. May 4, 2023)(Ludington, J.) ("Both discovery subpoenas were issued three days before trial, which is not a reasonable time [for plaintiff] to comply with them."); *McGuire*, 2009 WL 2370738, at *1—2 (denying motion to compel production of documents where subpoenas to intervening party were served "*more than two full years after the close of discovery*, and *just a week prior to trial*" but plaintiffs had "ample time" to obtain the requested discovery and did not raise the

need for such documents at the final pretrial conference); *McNerney,* 164 F.R.D. 584, 588 (W.D.N.Y. Dec. 22, 1995) ("[W]hen a [party] . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied.").

*Third*, it appears Plaintiffs failed to provide notice of the subpoena to Defendant before serving the City of Southfield, in violation of Rule 45(a)(4), and to tender "the fees for 1 day's attendance and the mileage allowed by law" when serving the subpoena in violation of Rule 45(b), which may provide "additional grounds for quashing the subpoena." *See Quillin v. Easton Sports, Inc.*, 2006 WL 1129384, at *1 (E.D. Tenn. Apr. 26, 2006) ("[P]laintiff admittedly failed to give such prior notice in this case, which also serves as a basis to quash the instant subpoena.").

*Fourth*, Plaintiffs have not shown how these wide-ranging categories of documents, one of which seeks "all communications" among eight different entities and individuals from 2015-2020, are relevant, material, and admissible.[1] The claims currently pending for unlawful

---

[1] Plaintiffs agreed to (1) limit the scope of the subpoena to any building code violations, code enforcement or demolition documents pertaining to the properties on New Hampshire Drive, Stratford, Martha Washington, and Hilton Drive, and (2) limit the communications between the City of Southfield, its building department, and Habitat for Humanity, the general contractors for the four properties and limited the timespan to 2015-2020, as well as communications between the City and SNRI for that same period of time, but requested the communication which include

takings and for a violation of procedural due process mainly require the jury to determine the fair market value of the Plaintiffs' properties at the time of the foreclosure. It does not appear to the Court that the categories of documents sought have any bearing on the question of what amount of just compensation is due to the Plaintiffs.

The subpoena is therefore quashed subject to allowing Plaintiffs an opportunity to respond to all of the concerns mentioned above. Specifically, Plaintiffs must address: (1) why these materials were not sought in discovery; (2) why the specific categories of documents are narrowly tailored and not unduly burdensome; and, (3) how the records sought are relevant, material, and admissible in view of the issue to be determined by the jury.

Accordingly, the City of Southfield's Motion to Quash is hereby conditionally **GRANTED**, and the materials need not be produced unless further ordered by the Court. Plaintiffs may file a brief answering the Court's concerns by no later than Monday, May 26, 2025, and such brief may not exceed ten (10) pages in length.

### III. FREDERICK ZORN'S MOTION TO QUASH

On April 8, 2025, the Court scheduled trial to start on May 27, 2025. Yet, Plaintiffs waited until May 21 to subpoena Mr. Frederick Zorn to attend trial. A review of Plaintiff's witness list shows that Mr. Zorn is not

---

Fred Zorn, Joseph Couvreur (attorney for SNRI), E'toile Libbett, and Mitchell Simmon. ECF No. 143, PageID.3138.

designated as an essential witness. Rather, Mr. Zorn was listed as only a "may call" witness in both of Plaintiffs' witness lists, filed on December 30, 2024 and again May 15, 2025.

Mr. Zorn has filed an affidavit stating that he has pre-planned travel scheduled on the dates required by the subpoena (May 27 to 29, 2025) that appears to be a part of his official duties as the City of Southfield's administrator. *See* Declaration of Frederick Zorn, ECF No. 144-3, PageID.3184—86.

"While the law permits a litigant to impose . . . on other people by calling them as witnesses for the benefit of making [their] claims, the law implicitly recognizes these people also have lives, and Rule 45(c) cautions an attorney at the outset that he has a duty not to issue a subpoena for improper purposes or to impose an undue burden on the recipient of the subpoena," especially when the Plaintiffs knew of the witness and waited until the last minute to issue a subpoena for their attendance. *Fox v. Traverse City Area Pub. Schs. Bd. of Educ.*, 2009 WL 724001, at *1 (W.D. Mich. Mar. 10, 2009) ("It appears undisputed that plaintiff knew of these witnesses, . . . [yet] did not serve witness subpoenas on these persons until approximately" one to two business days before the depositions). Consequently, Mr. Zorn's Motion to Quash will be **GRANTED IN PART** and **DENIED IN PART**. Mr. Zorn need not appear for trial on May 27-29, but he shall appear at trial on Monday, June 2, 2025—if trial still is in session at that time.

## IV. CONCLUSION

For the aforementioned reasons, the City of Southfield's Motion to Quash (ECF No. 143) is conditionally **GRANTED** and Mr. Zorn's Motion to Quash (ECF No. 144) is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED.**

Dated: May 23, 2025

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE